Vol. I.                                CIRCUIT COURTS.                                **75**

123                          State ex rel. Widner v. Bowersock, Probate Judge.

---

127                                 **MANDAMUS—APPEAL.**

[Shelby Circuit Court, October Term, 1885.]

Williams, Stewart and Shauck, JJ.

*STATE EX REL. WIDNER V. DAVID BOWERSOCK, PROBATE JUDGE.

APPEAL FROM JUDGMENT IN MANDAMUS.

> An appeal was taken from the final judgment of the court of common pleas on a petition in mandamus, and a motion was made to dismiss the appeal, on the ground that the case was not a civil action: *Held*, on the authority of State *ex rel*. Dutten v. Hanover, 42 O. S., 215, that such appeal might be taken.

The relator filed his petition in the court of common pleas against the defendant, the probate judge, for a peremptory writ of mandamus, to compel that officer to issue to the auditor certificates for the allowance and payment of certain claims, alleged to be due to the relator as superintendent of the county infirmary, on account of services in the care of persons who had been adjudged to be entitled to admission to the lunatic asylum of the state, at Dayton, and were confined in the infirmary pending their admission to the asylum.

In the court of common pleas, a final judgment was rendered against the relator on demurrer to his petition, and he then appealed the cause to the district court. A motion is now made to dismiss the appeal.

SHAUCK, J.

In support of this motion, the defendant relies upon our own decision in The State *ex rel*. Pierce & Coleman v. The Board of Education of Piqua, in Miami county, where we sustained a motion identical with this.

It was insisted there, as it is here, on behalf of the relator, that the right of appeal in such a case is conferred by section five thousand, two hundred and twenty-six, of the Revised Statutes. In order that a case come within the terms of that section, three conditions must exist concurrently, viz.: that it be a civil action ; that it be one of which the court of common pleas had original jurisdiction, and that the right to demand a jury did not exist. That the case presented the two conditions last named was not doubted.

But upon consideration of the statutory provisions affecting the question, and upon what we conceived to be the explicit authority of Chinn v. Trustees, etc., 32 O. S., 236, we concluded that mandamus is a special proceeding and not a civil action, and, therefore, that no appeal could be taken.

*This case was affirmed by the Supreme Court, without report, March 25, 1890.

It was then suggested, that the question is not now concluded by the authority of Chinn v. Trustees, *supra*, because the legislature, in making the recent revision of the statutes, intended to transform the special proceeding in mandamus into a civil action. No evidence of such intention was pointed out. That such intention existed with respect to dower and other subjects embraced in title one of part third, seemed inferable from their association with civil actions, and from the fact that with respect to service and modes of procedure, they are within the general provisions relating to civil actions. We were, however, unable to make such inference with respect to proceedings in mandamus. Section five thousand and thirty-five provides that "a civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

In chapter two, of title four, mandamus is defined to be "a writ issued in the name of the state to an inferior tribunal, etc.," and by the provisions of that chapter the issuing of a summons is dispensed with. Whether any form of notice shall be given the defendant, is within the discretion of the court. In certain cases a peremptory writ may issue in the first instance ; that is, the final relief sought may be awarded without regard to the steps that are deemed indispensable to valid final judgments in civil actions. It is further provided in the chapter referred to, that the defendant "may answer *as in a civil action*," and that he "may demur to the reply *as in a civil action*." It seemed to us that this language would become incomprehensible if we should regard the chapter as relating to a civil action.

Chapter three of the same title relates to *quo warranto*, and it is made a civil action by the express provision of the first section ; and as to service and procedure it is made subject to the general provisions which govern civil actions.

We also thought it worthy of consideration, that at the time of the revision, the court of common pleas had no jurisdiction in mandamus, and that such jurisdiction was not conferred. It did not seem to be a natural presumption, that the legislature intended to make this proceeding the subject of an appeal under section five thousand, two hundred and twenty-six, when it was not within the jurisdiction of that court, from whose judgments alone such appeal could be taken ; or that it was intended to invest it with the general incidents of a civil action, since it could not be instituted in that court in which civil actions were generally cognizable.

This view of the question presented led us to the conclusion, that the revision of the statutes had only added to the reasons which had already induced the Supreme Court to hold in Chinn v. Trustees, *supra*, that mandamus is a special proceeding, and not a civil action.

But our attention is now directed for the first time to the recent decision of the Supreme Court in The State *ex rel.* Dutten v. The Village of Hanover, 42 O. S., 215. The first proposition of the syllabus relates to the issues in a mandamus case, and concludes, " either party might appeal from the judgment of the common pleas thereon." It is true that the right of appeal seems to have been contested in that case upon the untenable ground that the right to demand a jury existed in the case, and that the report does not show that Chinn v. Trustees, *supra*, was called to the attention of the court, or that the court considered whether it was a civil action, or a special proceeding. But a subordinate tribunal ought not to reason itself into insubordination. This question was presented by the record, whether relied upon or not. We must assume that the Supreme Court gave the consideration which it thought due to all questions that were involved in the conclusion which it announced. That conclusion plainly is that an appeal may be taken from the final judgment of the court of common pleas in a case of this character.

Motion overruled.

Hatfield, Wicoff & McKercher, for relator.

Col. Wilson and G. A. Marshall, for defendant.